## MADISON TRUST CO. v. FLOYD et al.

(Supreme Court, Appellate Division, First Department.   June 28, 1912.)

1. TRUSTS (§ 205*)—LEASE OF PROPERTY—DUTY OF TRUSTEE.

Where a life tenant entitled to any rent collected from land under a trust directs the trustee not to rent the property, but to maintain it unoccupied for reasons which the life tenant deems sufficient, it is the trustee's duty to obey such direction.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 280–282; Dec. Dig. § 205.*]

2. TRUSTS (§ 227*)—TRUST FUNDS—CHARGES AGAINST—ATTORNEY'S FEE.

Under a will authorizing a trustee to apply trust funds to the use of her daughter, a life tenant, attorney's fees are properly allowed against the fund, though the attorney's services were rendered to the life tenant personally.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 324; Dec. Dig. § 227.*]

Appeal from Special Term, New York County.

Action by the Madison Trust Company, as substituted trustee under Sarah W. F. Smith's will, against John H. Floyd and others. From a judgment surcharging its accounts, the trustee appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

J. Du Pratt White, of New York City, for appellant.

Edmund Huerstel, of New York City, for respondent Smith.

Sabine & Rose, of New York City, for respondent Floyd.

Henry J. Goldsmith, of New York City, for respondents Floyd and McCay.

DOWLING, J.   [1, 2] The trustee appeals from so much of a judgment stating and approving its accounts as surcharges it with the sums of $1,250 and $371.17; the first item being the excess of payment for attorney's fees over the amount of $1,024 found by the court as properly chargeable therefor, and the second item being the amount of the trustee's commissions, disallowed because of its failure to rent certain real estate. As to the latter item, it appears that certain real estate belonging to the trust, located at St. James, Long Island, was not rented for the years 1907, 1908, and 1909. Under the stipulated facts herein, confirmed by the testimony of the life tenant, it appears that the reason for the failure to lease the property was due to the express and reiterated requests made by the life tenant to the trustee that it should not be leased, as she desired to reserve it for her use as a home; that she had occupied it as her home since 1874, except during certain years when it was rented with her consent; that she owned the furniture therein in her own right; that the house, being a summer or country home, cannot be rented save as a furnished house; that she has not consented to the use of her furniture in said house by a tenant thereof during the period in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question; and that efforts finally made in 1910 to secure a tenant were unsuccessful. No payments were made from the principal of the trust fund to offset the loss of rents. It is enough to say on this point that where the life tenant, to whom would be paid any rent collected from the realty, directs the trustee not to rent the property, but to maintain it unoccupied for reasons which she deems sufficient, it is not only the privilege, but it is the duty, of the trustee to obey such direction. As to the items of payments for attorney's fees, the rendition of the services is not disputed, nor is their value questioned. The disallowance of the sum of $1,250 is based on the ground that the services to that extent were rendered to the life tenant personally, and should be paid by her. Under the will of Sarah W. F. Smith, the trustee is authorized to apply such portion of the capital of the trust funds as it may deem advisable to the use of her daughter, the beneficiary and life tenant herein. Smith v. Floyd, 193 N. Y. 683, 87 N. E. 1127. The trustee exercised the power thus conferred, and no objection thereto was ever made by the beneficiary personally or by any one with her authority or knowledge, nor is such urged by her present attorney. We think the entire payment may properly be allowed.

The judgment appealed from will therefore be modified by striking out the provisions surcharging the trustee with the sums of $1,250 and $371.17, and so as to approve the account and supplemental account as filed and to dismiss all objections and proposed surcharges thereto, and as so modified it is affirmed, with costs to the appellant and respondents herein payable out of the principal of the estate. All concur.